**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4884**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD SYTORIA BUSH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00182-NCT-1)

Submitted:  June 16, 2020                                      Decided:  June 18, 2020

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Sytoria Bush, Jr., pled guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C) (2018). The district court sentenced Bush to 98 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Bush's sentence is reasonable. Bush has filed a pro se supplemental brief, also questioning whether his sentence is reasonable and further contending that counsel provided ineffective assistance at sentencing. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We "apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

We conclude that Bush's sentence is reasonable. The district court correctly calculated Bush's advisory Guidelines range, including counting Bush's distribution of pure methamphetamine in calculating the drug quantity. While Bush argued that the Guidelines create an unwarranted sentencing disparity based on the purity of the methamphetamine involved in an offense, the district court considered this argument, but rejected it. However, the district court did vary downward because Bush was only a street-level dealer. The court further explained that a substantial sentence was still necessary in light of Bush's significant criminal history. Thus, we conclude that Bush cannot overcome the presumption of reasonableness accorded his below-Guidelines sentence. While Bush questions whether sentencing counsel was ineffective, counsel's ineffectiveness does not appear on the face of the record; thus, Bush should raise this claim, if at all, in a 28 U.S.C. § 2255 (2018) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Bush, in writing, of the right to petition the Supreme Court of the United States for further review. If Bush requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bush.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*